# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **G.F. and T.F.**

**No. 18-0630** (Ohio County 17-CJA-131 and 17-CJA-132)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.P., by counsel Ann Marie Morelli, appeals the Circuit Court of Ohio County's June 12, 2018, order terminating her parental rights to G.F. and T.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the DHHR filed a petition alleging that petitioner had prior abuse and neglect petitions filed against her and that she continued to abuse alcohol and expose the children to domestic violence. The DHHR alleged that the first petition filed against petitioner was in May of 2015. At that time, the DHHR alleged she was impaired with a blood alcohol level above the legal limit while caring for the children and was aggressive with child protective service ("CPS") workers and law enforcement when confronted. According to the DHHR, petitioner successfully completed a preadjudicatory improvement period and the matter was dismissed. The second abuse and neglect petition was filed in April of 2016 and initially alleged that petitioner left her children in the care of inappropriate people. The DHHR alleged that while that proceeding was pending, petitioner's alcohol use, domestic violence, and anger issues were added as allegations to the petition. Ultimately, petitioner received a second preadjudicatory

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

improvement period and the petition was dismissed in July of 2017 with on-going services provided.

In the instant petition, the DHHR alleged that petitioner resumed a relationship with an individual, T.P., who previously abused her, resumed abusing alcohol, and became uncooperative with CPS workers. Additionally, the DHHR alleged that the children disclosed that T.P. struck G.F. and caused him to bleed and that "[T.P.] strangled [petitioner]." The DHHR alleged that, "despite the services provided by the DHHR, [petitioner] did not actually make any meaningful changes and has not made the necessary improvements." The circuit court held a preliminary hearing and found probable cause that the children were in imminent danger.

In December of 2017, the circuit court held an adjudicatory hearing and heard evidence. Although petitioner denied domestic violence between herself and T.P. at the adjudicatory hearing, the evidence confirmed domestic violence occurred through petitioner's prior statements to law enforcement and the children's disclosures that T.P. struck G.F. and was verbally abusive to them. The children also disclosed that T.P. and petitioner "beat their dog in front of" the children. Additionally, the children indicated that petitioner abused their prescription medications. After the children were removed, petitioner filled four of their prescriptions and, when questioned, returned only two prescriptions to the DHHR. Further evidence indicated that petitioner continued to use alcohol, despite her admission in a prior proceeding that she was an alcoholic. The circuit court found that petitioner abused and neglected the children through "exposure to domestic violence; exposure to physical, verbal and emotional abuse" and "she has failed to appropriately supervise the children by exposing them to inappropriate people and by consuming alcohol and abusing drugs while the children are in the home and in her custody." The circuit court also noted that petitioner had not been compliant with drug screens during the proceedings thus far. Petitioner moved for a post-adjudicatory improvement period.

In April of 2018, the circuit court held a dispositional hearing and heard testimony from petitioner, multiple law enforcement officers, CPS workers, and the children's foster mother. The evidence showed that petitioner had not cooperated with the DHHR during the proceedings. In fact, petitioner admitted to not being fully compliant with services. Petitioner failed to fully participate in drug screening and tested positive for marijuana and alcohol. Also, the evidence indicated that petitioner continued to drink alcohol, despite her previous acknowledgement of her alcoholism and alcohol abuse. Further, the evidence showed that petitioner continued to associate with T.P. and was dishonest in her testimony that she had not associated with T.P. since January of 2018. Petitioner continued to deny that T.P. ever physically abused her and, instead, asserted that she lied to the police regarding her previous reports. Petitioner denied any knowledge of her children's interviews that were presented in earlier hearings.

The circuit court found that petitioner was previously granted improvement periods and that petitioner's relapses and continued association with inappropriate people were evidence that those improvement periods have been unsuccessful. Moreover, the circuit court found that another improvement period would be futile. Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect because her addiction to alcohol seriously impaired her ability to parent and she had not responded to or followed

through with services to remedy her addiction. Accordingly, the circuit court terminated petitioner's parental rights. The circuit court memorialized its decision in its June 12, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner asserts that she testified that she was willing to correct the conditions of abuse and neglect and submitted documents to show that she was seeking treatment. Additionally, petitioner argues that the DHHR delayed setting up drug testing and did not respond to her requests for help. Upon our review of the record, we disagree with petitioner's assignment of error.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period. . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, the circuit court has discretion to deny

---

[2]The father's parental rights were terminated in a prior proceeding. According to the parties, the children are currently separated as G.F. receives in-patient treatment for behavioral issues. The permanency plan for the children is reunification and adoption in the foster home where T.F. currently resides.

an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002).

The circuit court correctly found that petitioner did not demonstrate by clear and convincing evidence that she was likely to fully participate in an improvement period. Prior to the petition that initiated these proceedings, petitioner became noncompliant with services provided by the DHHR only a week after her most recent abuse and neglect case was dismissed. Further, petitioner did not comply during these proceedings. The evidence showed that the DHHR required petitioner to drug screen and referred her to a facility. However, petitioner requested a transfer of that service to a facility closer to her employment. According to the CPS worker, petitioner still attempted to drug screen at the first facility, which was not permitted after the transfer. Despite the DHHR's attempt at accommodating her, petitioner could never show that she was drug and alcohol free. The record is devoid of any negative drug screens produced by petitioner. Additionally, petitioner failed to acknowledge the domestic violence between herself and T.P. despite overwhelming testimony from law enforcement officers that responded to her emergency calls. This Court has previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Although petitioner acknowledged her alcoholism, she failed to admit she had a problem with domestic violence. Therefore, petitioner could not have benefited from a post-adjudicatory improvement period. Accordingly, we find that the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

This evidence also supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment."

The circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future is supported by the record. Petitioner continued to use alcohol despite treatment during past improvement periods. Additionally, petitioner failed to acknowledge that T.P. was an inappropriate person, continued to associate with him, and even testified that she lied to the police in an attempt to mitigate her

association with him. It is clear that petitioner did not recognize the danger she placed her children in by refusing to disassociate with T.P., despite her children's disclosures that he physically and emotionally abused them. Moreover, the circuit court correctly found that termination of petitioner's parental rights was necessary for the welfare of the children. Clearly, petitioner placed the children in danger through her association with inappropriate people and her failure to recognize that danger allows for an increased risk of abuse in the future. Finally, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Upon our review, the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. Accordingly, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 12, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment